# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-574V
Filed: November 23, 2021

| | |
|---|---|
| * * * * * * * * * * * * <br> PAUL DERBER and CATHERINE <br> DERBER, as parents on behalf of D.D., <br> a minor, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | UNPUBLISHED <br><br> Decision on Joint Stipulation; <br> Chronic Inflammatory <br> Demyelinating Polyneuropathy <br> ("CIDP"); Influenza ("flu") <br> Vaccine. |

*Danielle A. Strait, Esq.*, Maglio Christopher & Toale, Seattle, WA, for petitioner.
*Claudia B. Gangi, Esq.*, US Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

**Roth**, Special Master:

On April 28, 2017, Paul Derber and Catherine Derber ["Mr. Derber and Mrs. Derber" or "petitioners"] filed a petition on behalf of their son, D.D., for compensation under the National Vaccine Injury Compensation Program.[2] Petitioners allege that D.D. developed chronic

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

inflammatory demyelinating polyneuropathy ("CIDP") after receiving an influenza ("flu") vaccine on November 9, 2014. Stipulation, filed November 23, 2021, at ¶¶ 1-4. Respondent denies that the flu vaccine caused D.D. to suffer from CIDP, any other injury, or his present condition. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On November 23, 2021, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following payment:

a) **A lump sum of $298,075.90,** which amount represents compensation for first-year life care expenses ($98,075.90) and pain and suffering ($200,000.00), **in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of D.D. for the benefit of D.D.** No payment shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of D.D.'s estate;

b) **A lump sum of $84,809.70,** which amount represents compensation for past unreimbursable expenses, **in the form of a check payable to petitioners, Paul Derber and Catherine Derber;**

c) **An amount sufficient to purchase the annuity contract described in paragraph 10 below,** paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represents compensation for all damages that would be available under §300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                        **s/ Mindy Michaels Roth**
                                        Mindy Michaels Roth
                                        Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| PAUL DERBER and CATHERINE DERBER, as parents on behalf of D.D., a minor,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>        Respondent. | No. 17-574V<br>Special Master Mindy M. Roth (ECF) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, D.D., Paul Derber and Catherine Derber ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to DD.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. D.D. received a flu immunization on November 9, 2014.

3. The vaccine was administered within the United States.

4. Petitioners allege that D.D. suffered from injuries, including chronic inflammatory demyelinating polyneuropathy ("CIDP"), as a result of receiving the vaccine and suffered the residual effects of his alleged injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of D.D. as a result of his condition.

6. Respondent denies that the flu vaccine caused D.D. to suffer from CIDP, or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $298,075.90, which amount represents compensation for first-year life care expenses ($98,075.90) and pain and suffering ($200,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of D.D. for the benefit of D.D. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of D.D.'s estate;
>
> b. A lump sum of $84,809.70, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Paul Derber and Catherine Derber;
>
> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").
>
> These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
>
> b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.        Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.        Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of D.D., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners, as the court-appointed guardian(s)/conservator(s) of the estate of D.D. for the following items of compensation:

    a. For future unreimbursable Insurance Premium expenses, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $3,624.00 to be paid up to the anniversary of the date of judgment in year 2031, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    b. For future unreimbursable Prescription Medication Deductible, Pediatrician/Primary Care Physician, Radiology Studies: Standing Foot & Leg, Dexa Scan, CBC, CMP, Blood Work, Emergency Room, Ambulance, CellCept, and Trusopt expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,024.16 to be paid up to the anniversary of the date of judgment in year 2070. Thereafter, beginning on the anniversary of the date of judgment in year 2070, an annual amount of $298.46 to be paid for the remainder of D.D.'s life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    c. For future unreimbursable Medicare Part B Deductible expenses, beginning on the anniversary of the date of judgment in year 2070, an annual amount of $203.00 to be paid for the remainder of D.D.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    d. For future unreimbursable Medigap Part G expenses, beginning on the anniversary of the date of judgment in year 2070, an annual amount of $2,928.96 to be paid for the remainder of D.D.'s life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

    e. For future unreimbursable Pediatrician/Primary Care Mileage, Neurologist (Dr. Proud and Dr. Crawford) Mileage, Physical Medicine and Rehabilitation Mileage, Orthopedist Mileage, Podiatrist Mileage, Optometrist Mileage, Ophthalmologist Mileage, Endocrinologist Mileage, EMG Mileage, Radiologist Mileage, CBC Mileage, CMP Mileage, Counseling Mileage, Physical Therapy Evaluation Mileage, Occupational Therapy Evaluation Mileage, Physical Therapy Mileage, Occupational Therapy Mileage, Equine Therapy Mileage, and Aqua Therapy Mileage expenses, on the first anniversary of the date of judgment, a lump sum of $1,560.78. Then, beginning on the second

anniversary of the date of judgment, an annual amount of $566.18 to be paid up to the anniversary of the date of judgment in year 2025. Then, on the anniversary of the date of judgment in year 2025, a lump sum of $391.07. Then, beginning on anniversary of the date of judgment in year 2026, an annual amount of $363.68 to be paid up to the anniversary of the date of judgment in year 2028. Then, beginning on anniversary of the date of judgment in year 2028, an annual amount of $332.77 to be paid up to the anniversary of the date of judgment in year 2032. Then, beginning on anniversary of the date of judgment in year 2032, an annual amount of $84.94 to be paid up to the anniversary of the date of judgment in year 2046. Thereafter, beginning on the anniversary of the date of judgment in year 2046, an annual amount of $79.93 to be paid for the remainder of D.D.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Neurologist, Physical Medicine and Rehabilitation, Ophthalmology, Endocrinology, Radiology Studies: Spine, and Counseling expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,196.18 to be paid up to the anniversary of the date of judgment in year 2026. Then, beginning on anniversary of the date of judgment in year 2026, an annual amount of $1,028.03 to be paid up to the anniversary of the date of judgment in year 2028. Then, beginning on anniversary of the date of judgment in year 2028, an annual amount of $788.03 to be paid up to the anniversary of the date of judgment in year 2032, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Orthopedist and EMG expenses, on the first anniversary of the date of judgment, a lump sum of $757.88. Then, beginning on second anniversary of the date of judgment, an annual amount of $340.00 to be paid up to the anniversary of the date of judgment in year 2046, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h. For future unreimbursable Podiatry, Optometry, and Vitamin D expenses, beginning on the first anniversary of the date of judgment, an annual amount of $170.55 to be paid up to the anniversary of the date of judgment in year 2032. Thereafter, beginning on the anniversary of the date of judgment in year 2032, an annual amount of $130.55 to be paid for the remainder of D.D.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable Care Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,708.00 to be paid up to the second anniversary of the date of judgment. Then, beginning on second anniversary of the date of judgment, an annual amount of $7,416.00 to be paid up to the anniversary of the date of judgment in year 2028. Then, beginning on anniversary of the date of judgment in year 2028, an annual amount of $5,562.00 to be paid up to the anniversary of the date of judgment in year 2036. Thereafter, beginning on the anniversary of the date of judgment in year 2036, an annual amount of $3,708.00 to be paid for the remainder of

4

D.D.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable Orthotics, Ankle Foot Orthodics (AFOs), supramalleolar orthosis (SMOs), Manual Wheelchair, Wheelchair Maintenance, Power Scooter, Battery, Scooter Car Carrier, Cane, Walker, Perching Stool, Shower Chair, and Bedside Commode expenses, on the first anniversary of the date of judgment, a lump sum of $2,682.87. Then, on the second anniversary of the date of judgment, a lump sum of $5,165.62. Then, beginning on the anniversary of the date of judgment in year 2024, an annual amount of $2,231.74 to be paid up to the anniversary of the date of judgment in year 2030. Then, on the anniversary of the date of judgment in year 2030, a lump sum of $2,413.36. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $2,268.06 to be paid up to the anniversary of the date of judgment in year 2060. Then, on the anniversary of the date of judgment in year 2060, a lump sum of $2,334.91. Then, beginning on the anniversary of the date of judgment in year 2061, an annual amount of $2,268.06 to be paid up to the anniversary of the date of judgment in year 2065. Then, on the anniversary of the date of judgment in year 2065, a lump sum of $2,334.91. Then, on the anniversary of the date of judgment in year 2066, a lump sum of $2,265.39. Then, beginning on the anniversary of the date of judgment in year 2067, an annual amount of $2,248.39 to be paid up to the anniversary of the date of judgment in year 2070. Then, on the anniversary of the date of judgment in year 2070, a lump sum of $860.00. Then, on the anniversary of the date of judgment in year 2071, a lump sum of $1,312.20. Thereafter, beginning on the anniversary of the date of judgment in year 2072, an annual amount of $972.20 to be paid for the remainder of D.D.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

k. For future unreimbursable Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,644.15 to be paid up to the anniversary of the date of judgment in year 2024. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $3,744.15. Then, on the anniversary of the date of judgment in year 2025, a lump sum of $2,512.95. Then, beginning on the anniversary of the date of judgment in year 2026, an annual amount of $530.00 to be paid up to the anniversary of the date of judgment in year 2070, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

l. For future unreimbursable Home Occupational Therapy expenses, on the anniversary of the date of judgment in year 2030, a lump sum of $446.50. Then, on the anniversary of the date of judgment in year 2040, a lump sum of $446.50. Then, on the anniversary of the date of judgment in year 2055, a lump sum of $446.50, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

m. For future unreimbursable Attendant Care, and Ancillary Service expenses, beginning on the first anniversary of the date of judgment, an annual amount of $12,792.00 to be paid up to the second anniversary of the date of judgment. Then, beginning on second anniversary of the date of judgment, an annual amount of $18,720.00 to be paid up to the

5

anniversary of the date of judgment in year 2028. Then, beginning on anniversary of the date of judgment in year 2028, an annual amount of $25,224.00 to be paid up to the anniversary of the date of judgment in year 2055. Then, beginning on anniversary of the date of judgment in year 2055, an annual amount of $29,904.00 to be paid up to the anniversary of the date of judgment in year 2070. Thereafter, beginning on the anniversary of the date of judgment in year 2070, an annual amount of $51,099.00 to be paid for the remainder of D.D.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

n. For future unreimbursable Home Modification expenses, on the anniversary of the date of judgment in year 2030, a lump sum of $10,000.00. Then, on the anniversary of the date of judgment in year 2040, a lump sum of $10,000.00. Then, on the anniversary of the date of judgment in year 2055, a lump sum of $10,000.00, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

o. For future unreimbursable Car Adaptation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $250.00 to be paid up to the anniversary of the date of judgment in year 2052. Then, on the anniversary of the date of judgment in year 2055, a lump sum of $13,500.00. Thereafter, beginning on the anniversary of the date of judgment in year 2056, an annual amount of $1,350.00 to be paid for the remainder of D.D.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioners in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioners and do not require that the payment be made in one annual installment. The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as D.D. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, and the Life Insurance Company shall be provided within twenty (20) days of D.D.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of D.D. as contemplated by a strict

construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of D.D.'s estate under the laws of the Commonwealth of Virginia. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of D.D.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of D.D. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of D.D. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of D.D., on behalf of themselves, D.D., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of D.D. resulting from, or alleged to have resulted from the flu vaccination administered on November 9, 2014, as alleged by petitioners in a petition for

8

vaccine compensation filed on or about April 28, 2017, in the United States Court of Federal Claims as petition No. 17-574V.

18. If D.D. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused D.D. to suffer from CIDP or any other injury or condition.

9

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of D.D.

END OF STIPULATION

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

10

Respectfully submitted,

PETITIONER: _____

PAUL DERBER

PETITIONER: _____

CATHERINE DERBER

**ATTORNEY OF RECORD FOR PETITIONERS:**

_____
DANIELLE A. STRAIT, ESQ.
MAGLIO CHRISTOPHER & TOALE, PA
~~501 Fifth Avenue, Suite 3505~~ 1325 4th Ave., Ste. 1730
Seattle, WA ~~98104~~ 98101
Tel: (888) 952-5242

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

Heather L Pearlman
by Alexis B Babcock

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Dale Mishler, DHSc*
TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Claudia B Gangi
by Alexis B Babcock

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138
Email: claudia.gangi@usdoj.gov

Dated: 11/23/21

11